IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCO A. MONTEMAYOR,  )  <br> Plaintiff,  ) <br> vs.  )    No. 3:21-CV-2252-N-BH <br> ) <br> NINA CHUDASAMA, et al.,  ) <br> Defendants.  )    Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Emergency Order for "Temporary" Restraining Order*, filed on September 23, 2021 (doc. 5). Based on the relevant filings and applicable law, the motion should be **DENIED**, and this eviction case should be **DISMISSED** without prejudice *sua sponte* for lack of subject matter jurisdiction.

**I.  BACKGROUND**

On September 21, 2021, Marco L. Montemayor (Plaintiff) filed this action against multiple defendants arising from his lease of the property located at 2805 Cornel Circle, Irving, Texas 75061 (the Property) on August 10, 2020. (*See* doc. 3 at 3-4, 11.)[2] He contends that he entered into the lease based on false statements regarding ownership of the property made to him by defendant John Romeo, a real estate agent, and that defendant Nina Chuasama subsequently contacted him and said she was the new owner of the Property. (*See id.* at 3.) He also claims that he has made improvements to the property, and that he was sued by defendant Neptune Ventures, LLC (Neptune), which entered into an assignment of rents and leases with defendants David Brooks and Independent Bank. (*See id.* at 3, 9, 11, 16.)  Neptune obtained a judgment against him on June 14, 2021, which granted it

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]  Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

possession of the Property, delinquent rent, and attorney's fees. (*See id.* at 16.) Plaintiff appears to contend that although he is appealing the state judgment, Neptune is seeking to evict him, and he requested a temporary restraining order (TRO) enjoining his eviction from the Property. (*See id.* at 14, 18.) On September 23, 2021, he filed a motion for a TRO. (*See* doc. 5 at 1.) He also filed an amended complaint seeking relief from eviction, and alleging that he has legal rights to the property. (*See* doc. 6.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). They may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Fed. R. Civ. P. 12(h)(3) requires dismissal of a case if a federal court determines that it lacks subject-matter jurisdiction.

Here, Plaintiff's action against the defendants based on the eviction proceedings and any claimed rights to the Property arises solely under state law. He neither identifies nor asserts any federal causes of action against the defendants, nor makes any allegation to support any federal cause of action against them. Federal courts have no jurisdiction over state law claims in the

absence of diversity jurisdiction under 28 U.S.C. § 1332.

Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Here, Plaintiff does not allege that each defendant is a citizen of another state. He has therefore not met his burden to show that complete diversity exists between the parties, so his lawsuit is subject to dismissal for lack of subject matter jurisdiction. *See Dupre v. University Healthcare Sys. L.C.*, 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state).

Plaintiff has also failed to allege that the amount in controversy exceeds the jurisdictional limit for purposes of diversity jurisdiction. The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must also be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Primarily at issue is his right to possession of the Property. In the context of forcible detainer actions, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession. *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012), *report and recommendation adopted*, 2012 WL 4005760 (N.D. Tex.

Sept. 11, 2012) (collecting cases). By contrast, when the loss of title to property is at issue, the property itself is the object of the litigation and its value is the proper measure of the amount in controversy. *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012). Plaintiff has not alleged that the loss of title to the Property is at issue, only that he has made improvements to it and that he has legal rights. Because Plaintiff has also failed to allege that the amount in controversy exceeds the jurisdictional limit for purposes of diversity jurisdiction, his claims are also subject to dismissal for lack of subject matter jurisdiction on this basis.

### III. RECOMMENDATION

The *Emergency Order for "Temporary" Restraining Order*, filed on September 23, 2021 (doc. 5), should be **DENIED**, and this case should be *sua sponte* **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED this 27th day of September, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE