IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCO A. MONTEMAYOR,<br>         Plaintiff,<br>vs.<br><br>NINA CHUDASAMA, et al.,<br>         Defendants. | )<br>)<br>)   No. 3:21-CV-2252-N-BH<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the *Emergency Amendment Complaint and Request for Injunction, Objection to Denied Order in Record Recommendation*, filed on September 28, 2021 (doc. 14), and Objection to Findings, Conclusions and Recommendation, filed on October 18, 2021 (doc. 16). Based on the relevant filings and applicable law, the amended complaint should be liberally construed as a motion for leave to amend the complaint under Fed. R. Civ. P. 15(a), the objections should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), and both motions should be **DENIED**.

### I. BACKGROUND

On September 21, 2021, Marco L. Montemayor (Plaintiff) filed this action against multiple defendants arising from his lease of the property located at 2805 Cornel Circle, Irving, Texas 75061 (the Property) on August 10, 2020. (*See* doc. 3 at 3-4, 11.)[2] He contended that he entered into the lease based on false statements regarding ownership of the property made to him by defendant John Romeo, a real estate agent, and that defendant Nina Chuasama subsequently contacted him and said she was the new owner of the Property. (*See id.* at 3.) He also claimed that he had made

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2]   Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

improvements to the Property, and that he was sued by defendant Neptune Ventures, LLC (Neptune), which entered into an assignment of rents and leases with defendants David Brooks and Independent Bank. (*See id.* at 3, 9, 11, 16.) Neptune obtained a judgment against him on June 14, 2021, which granted it possession of the Property, delinquent rent, and attorney's fees. (*See id.* at 16.) Plaintiff appeared to contend that although he was appealing the state judgment, Neptune was seeking to evict him, and he requested a temporary restraining order (TRO) enjoining his eviction from the Property. (*See id.* at 14, 18.) On September 23, 2021, he filed a motion for a TRO. (*See* doc. 5 at 1.) He also filed an amended complaint seeking relief from eviction, and alleging that he had legal rights to the Property. (*See* doc. 6.) His motion for a TRO was denied, and this case was dismissed for lack of subject matter jurisdiction over his objection on September 28, 2021. (*See* docs. 10, 11, 12, 13.)

Also on September 28, 2021, Plaintiff filed an amended complaint in which he alleged the False Claims Act, RICO, 42 U.S.C. §§ 1983, 1985, and violations of his rights under the Fourteenth Amendment as bases for federal jurisdiction over this case. (*See* doc. 14 at 5.) He alleged no facts in support of his federal claims, however. He again alleges that he entered into the lease for the Property based on false statements regarding its ownership, that he made improvements to it, that he has an interest in the Property, and that Neptune obtained a judgment against him. (*Id.* at 6-8.) The relief he seeks is to stop the eviction and "terminate the writ ordered by CC at Law No. 5." (*Id.* at 7, 10-14.)

Plaintiff's objections, filed on October 18, 2021, alleges that he was not given all of the facts when he assumed the lease of the property, that he was hired to investigate the ownership interest of another individual, and that "[t]his is a matter of breach of agreement and fraudulent concealment

2

of ownership in land real property." (*See* doc. 16 at 1-2.)

## II.  MOTION FOR RELIEF FROM JUDGMENT

"When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010).  Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Because Plaintiff filed his amendment and objections within 28 days of the entry of judgment, they are properly considered under Rule 59(e). *See McGrew v. McQueen*, 415 F. App'x 592, 594-95 (5th Cir. 2011) (liberally construing pro se motion to reopen case that had been filed within twenty-eight days of dismissal as arising under Rule 59(e)).

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).  Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483.  When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Notwithstanding his new assertion of federal question jurisdiction, Plaintiff appears to essentially re-urge the same claims he has previously asserted. *See Barela v. Underwood*, No. 3:18-CV-2353-G-BH, 2020 WL 4550417, at *7 (N.D. Tex. July 9, 2020) (citing *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, No. H-08-2379, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010) ("It is not proper to use Rule 59(e) to re-litigate or get 'a second bite of the apple' on previously addressed issues by the parties or the Court.")). He has also not identified an intervening change in controlling law, the availability of new evidence not previously available, a manifest error of law or fact in relation to the dismissal of this case, or any other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal. Plaintiff has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case.

### III.  MOTION FOR LEAVE TO AMEND

"When a court enters a final judgment, a party may move to amend its complaint under Fed. R. Civ. P. 59(e) or 60 rather than under Fed. R. Civ. P. 15(a)." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) (citing *Rosenzweig v. Azurix* Corp., 332 F.3d 854, 864 (5th Cir. 2003)). A post-judgment motion to amend a complaint may only be granted if a judgment is first vacated under Rule 59 or 60. *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000); *see also Rosenzweig*, 332 F.3d at 864 (citing 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1489 (2d ed. 1990) ("Most courts ... have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60."); *Dizney*, 295 F. App'x at 724 (citing *Rosenzweig*, 332 F.3d at 865). Nevertheless, the analysis of a party's motion under Fed. R. Civ. P. 59(e) for leave to amend "'should be governed by the same considerations controlling the exercise of discretion under [Fed. R. Civ. P.] 15(a).'" *Allen*, 907 F.3d

4

at 184 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n. 1 (5th Cir. Nov.1981)).

Rule 15(a) evinces a bias in favor of amendment and requires that leave be granted "freely." *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1162 (5th Cir. 1982). A court's discretion to grant leave is severely limited by the bias of Rule 15(a) favoring amendment. *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Leave to amend should not be denied unless there is a *substantial reason* to do so. *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998). There is a substantial reason to deny leave if the proposed amendment would cause undue delay or prejudice to the non-movant, if it is motivated by bad faith or dilatory motives, if there have been repeated failures to cure deficiencies with prior amendment, or if the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Martin's Herend Imports, Inc. v. Diamond & Gem Trading*, 195 F.3d 765, 770 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, Plaintiff's post-judgment amended complaint does not allege any facts sufficient to support any of the elements of the federal causes of action he lists as bases for federal jurisdiction, and it fails to state any plausible federal claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The proposed amendment merely expands on his state law claims. It does not allege any other basis to support the exercise of federal jurisdiction over this case. Substantial reason to deny leave to amend exists because amendment is futile.

## IV. RECOMMENDATION

Plaintiff's post-judgment amended complaint should be liberally construed as a motion for leave to amend the complaint under Fed. R. Civ. P. 15(a), his objections should be liberally construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), and both motions

should be **DENIED**.

**SO RECOMMENDED this 19th day of October, 2021.**

                                                   IRMA CARRILLO RAMIREZ
                                                 UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                               UNITED STATES MAGISTRATE JUDGE